IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEJANDRO GUTIERREZ and ESTELA CARRASCO,  Plaintiff,  v.  UNKNOWN AND UNNAMED DES PLAINES POLICE OFFICERS, UNKNOWN AND UNNAMED JUNO LIGHTING GROUP, INC. EMPLOYEES, individually, JUNO LIGHTING GROUP, INC. and THE CITY OF DES PLAINES,  Defendants. | No. 08 C 881 |

CITY OF DES PLAINES'S
ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, City of Des Plaines ("City"), by its counsel, Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer, P.C., answers Plaintiffs' Complaint as follows:

Jurisdiction and Venue

1.   This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983], as well as the Court's Supplemental Jurisdiction. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

Answer:   The City admits the allegations of this paragraph.

2.   Venue is found in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

Answer:   The City admits the allegations of this paragraph.

Parties

     3.    At all times herein mentioned, Plaintiff ALEJANDRO GUTIERREZ ("Gutierrez" or "Plaintiff") and Plaintiff ESTELA CARRASCO ("Carrasco" or "Plaintiff") were and are now citizens of the United States, and reside within the jurisdiction of this Court.

Answer:    The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore, these allegations are deemed denied.

     4.    At all times herein mentioned, UNKNOWN AND UNNAMED DES PLAINES POLICE OFFICERS ("Defendants") were employed by the Des Plaines Police Department and were acting under color of state law and as the employees, agents, or representatives of the Des Plaines Police Department. These Defendants are being sued in their individual/personal capacities. When Plaintiff learns the name of these defendants, he will amend the Complaint to properly allege their names.

Answer:    The City lacks sufficient knowledge or information to form a belief as to the truth of the allegation that "At all times herein mentioned, UNKNOWN AND UNNAMED DES PLAINES POLICE OFFICERS ("Defendants") were employed by the Des Plaines Police Department and were acting under color of state law and as the employees, agents, or representatives of the Des Plaines Police Department," and therefore, this allegation is deemed denied. The City denies that "These Defendants are being sued in their individual/personal capacities." The City lacks sufficient knowledge or information to form a belief as to the truth of the allegation that "When Plaintiff learns the name of these defendants, he will amend the Complaint to properly allege their names," and therefore, these allegations are deemed

denied.

5. At all times herein mentioned, UNKNOWN AND UNNAMED JUNO LIGHTING GROUP, INC. EMPLOYEES ("Defendants") were employed by Juno Lighting Group, Inc., and were acting as the employees, agents, or representatives of Juno Lighting Group, Inc.  These Defendants are being sued in their individual/personal capacities, and/or when indicated, they were acting under the color of law.  When Plaintiff learns the name of these defendants, he will amend the Complaint to properly allege their names.

Answer: The City lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and therefore, these allegations are deemed denied.

6. At all times herein mentioned, the CITY OF DES PLAINES ("The City" or "Defendant") was a political division of the State of Illinois, existing as such under the laws of the State of Illinois.  At all relevant times, the City of Des Plaines, maintained, managed, and/or operated the Des Plaines Police Department.

Answer: The City admits the allegations of this paragraph.

7. At all times herein mentioned, JUNO LIGHTING GROUP, INC. ("Juno" or "Defendant") was a manufacturer and seller of lighting operating in the State of Illinois.

Answer: The City lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and therefore, these allegations are deemed denied.

Factual Allegations

8. On or about December 3, 2007, at approximately 9:00 p.m., Plaintiffs were at their place of employment, Juno Lighting Group, Inc., in Chicago, Illinois.

Answer: The City admits that Alejandro Gutierrez was at Juno Lighting at 1300 South Wolf Road, Des Plaines, Illinois at approximately 8:35 p.m.

on December 3, 2007. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, these allegations are deemed denied.

9. On information and belief, Plaintiff alleges that prior to arriving to Plaintiffs' location, Unknown and Unnamed Juno Lighting employees caused the Unknown and Unnamed Des Plaines Police Officers to come to Plaintiffs' place of employment.

Answer: The City admits that on December 3, 2007, it received a request for assistance by Juno Lighting at 1300 South Wolf Road, Des Plaines, Illinois.

10. Unknown and Unnamed Police Officers arrived at Plaintiffs' location.

Answer: The City admits that Officers Ruzicka, Niznik, Holdman and Heidkamp arrived at Juno Lighting at 1300 South Wolf Road, Des Plaines, Illinois.

11. Unknown and Unnamed Police Officers and Unknown and Unnamed Juno Lighting employees acting in concert with one another and/or individually, and without legal cause, to handcuff and arrest Gutierrez.

Answer: The City denies the allegations of this paragraph.

12. Without legal cause, the aforementioned Defendants also acted in concert and/or individually to strip search Guiterrez's person and search his locker. No illegal drugs were found on Gutierrez's person or in his locker.

Answer: The City denies that Officers Ruzicka, Niznik, Holdman and Heidkamp acted in any way to "strip search Guiterrez's person and search his locker." The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this

paragraph, and therefore, these allegations are deemed denied.

13. The aforementioned Defendants, acting in concert and/or individually and without legal cause, removed Carrasco to another room, and interrogated her for a lengthy period of time, thus resulting in the unlawful detention and arrest of Carrasco.

Answer: The City denies that Officers Ruzicka, Niznik, Holdman and Heidkamp acted in any way to remove Carrasco to another room, interrogate her, unlawfully detain her or arrest her. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, these allegations are deemed denied.

14. Plaintiffs did not consent to any of the conduct described above.

Answer: The City denies the allegations of this paragraph insofar as they relate to alleged illegal conduct by Officers Ruzicka, Niznik, Holdman and Heidkamp. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, these allegations are deemed denied.

15. By reason of the above-described acts and omissions of Defendants, Plaintiffs sustained injuries including, but not limited to, humiliation and indignities, and suffered great physical, mental, and emotional pain and suffering all to their damage in an amount to be ascertained.

Answer: The City denies the allegations of this paragraph insofar as they relate to alleged illegal conduct by Officers Ruzicka, Niznik, Holdman and Heidkamp. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph,

and therefore, these allegations are deemed denied.

16. The aforementioned acts of the Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

Answer: The City denies the allegations of this paragraph insofar as they relate to alleged illegal conduct by Officers Ruzicka, Niznik, Holdman and Heidkamp. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, these allegations are deemed denied.

17. By reason of the above-described acts and omissions of the Defendants, Plaintiffs were required to retain an attorney to institute, prosecute, and render legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights. By reason thereof, Plaintiffs request payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

Answer: The City denies the allegations of this paragraph insofar as they relate to alleged illegal conduct by Officers Ruzicka, Niznik, Holdman and Heidkamp. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, these allegations are deemed denied.

Count I
Plaintiffs Against Unknown and Unnamed Des Plaines Police
Officers for the Civil Rights Violation of False Arrest

18. Plaintiffs hereby incorporate and re-allege paragraphs one (1) through seventeen (17) herein as though fully alleged in this place.

Answer: The City restates its answers to paragraphs 1-17 and incorporates

  them by reference as its answer to paragraph 18 of Count I.

 19. By reason of the Defendants' conduct, Plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

Answer: The City denies these allegations.

 20. Defendants caused the arrest of Plaintiffs unreasonably and without probable or any legal cause to believe that Plaintiffs had committed any crimes. Therefore, Defendants are liable for false arrest under 42 U.S.C. §1983.

Answer: The City denies these allegations.

Count II<br>
Plaintiffs Against Unknown and Unnamed Juno Lighting<br>
Group, Inc. Employees for the Civil Rights Violation of False Arrest

 Defendant, CITY OF DES PLAINES, makes no answer to Count II of Third-Party Plaintiffs' Amended Third-Party Complaint as this Count is not directed against it.

Count III<br>
Plaintiffs Gutierrez Against Unknown and Unnamed Des Plaines<br>
Police Officers for the Civil Rights Violation of Unlawful Search

 25. Plaintiffs hereby incorporate and re-allege paragraphs one (1) through seventeen (17) herein as though fully alleged in this place.

Answer: The City restates its answers to paragraphs 1-17 and incorporates

  them by reference as its answer to paragraph 25 of Count III.

 26. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

Answer: The City denies these allegations.

27.    Defendants caused the strip search of Plaintiff unreasonably and without probable or any legal cause to believe Plaintiff had any illegal drugs. Therefore, Defendants are liable for an unlawful strip search and related searches under 42 U.S.C. § 1983.

Answer:    The City denies these allegations.

Count IV
Plaintiffs Gutierrez  Against Unknown and Unnamed Juno Lighting Group, Inc. Employees for the Civil Rights Violation of Unlawful Search

Defendant, CITY OF DES PLAINES, makes no answer to Count II of Third-Party Plaintiffs' Amended Third-Party Complaint as this Count is not directed against it.

Count V
Plaintiffs Against All Defendants for the
Supplemental State Claim of False Arrest

32.    Plaintiff hereby incorporates and re-alleges paragraphs one (1) through seventeen (17) herein as though fully alleged at this place.

Answer:    The City restates its answers to paragraphs 1-17 and incorporates

them by reference as its answer to paragraph 32 of Count V.

33.    Defendants, and each of them, caused the arrests of Plaintiffs unreasonably and without probable or any legal cause to believe that Plaintiffs had committed any crime.

Answer:    The City denies the allegations of this paragraph insofar as they relate

to alleged illegal conduct by Officers Ruzicka, Niznik, Holdman and

Heidkamp. The City lacks sufficient knowledge or information to form

a belief as to the truth of the remaining allegations of this paragraph,

and therefore, these allegations are deemed denied.

     34.    The City of Des Plaines and Juno Lighting are liable to Plaintiff for the acts of the individual defendants pursuant to the doctrine of respondeat superior.

Answer:    The City denies the allegations of this paragraph insofar as they relate to alleged illegal conduct by Officers Ruzicka, Niznik, Holdman and Heidkamp. The City denies that it is liable for any actions of Juno Lighting employees. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, these allegations are deemed denied.

     35.    Therefore, Defendants, and each of them, are liable under the supplemental state claim of false arrest.

Answer:    The City denies the allegations of this paragraph insofar as they relate to alleged illegal conduct by Officers Ruzicka, Niznik, Holdman and Heidkamp. The City lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and therefore, these allegations are deemed denied.

## AFFIRMATIVE DEFENSES

1.     As to Plaintiff's common law claims, under the Illinois Local Government and Governmental Employee Tort Immunity Act, the City is not liable because none of the defendant officer's acts or omissions constituted willful and wanton conduct. 745 ILCS 10/2-202; 745 ILCS 10/2-109.

2.     As to Plaintiff's common law claims, under the Illinois Local Government and Governmental Employee Tort Immunity Act, the City is not liable because the defendant officers' acts or omissions were taken or made in determining policy and in the exercise of the officers' discretion. 745 ILCS 10/2-201; 745 ILCS 10/2-109.

3.     As to all of Plaintiff's claims, to the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case.

4.     As to all of Plaintiff's claims, to the extent Plaintiff failed to mitigate any of her claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that a plaintiff has a duty

to mitigate her damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

## JURY DEMAND

The City demands trial by jury.

Respectfully submitted,

By: /s/ Allen Duarte

Allen Duarte
ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & KRAFTHEFER, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois  60603
(312) 782-7606
(312) 782-0943 Fax

PROOF OF SERVICE

      I hereby certify that on March 12, 2008, I electronically filed the foregoing City of Des Plaines's Answer to Plaintiff's Complaint with the Clerk of the Court using the CM/ECF system, which will automatically send electronic notification to:

Edward M. Fox
Leslie C. McCoy
Ed Fox & Associates
300 West Adams, Suite 330
Chicago, Illinois 60606
efox@efox-law.com
lmccoy@efox-law.com


                /s/ Allen Duarte
                Allen Duarte
                ANCEL, GLINK, DIAMOND, BUSH, DICIANNI
                    & KRAFTHEFER, P.C.
                140 South Dearborn Street, Sixth Floor
                Chicago, Illinois  60603
                (312) 782-7606
                (312) 782-0943 Fax