# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEJANDRO GUTIERREZ and ESTELA CARRASCO<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW HICKS, THOMAS STANCATO, RONALD ROBINSON, MICHAEL HOLDMAN, RICHARD NIZNIK, BENJAMIN RUZICKA, MICHAEL HEIDKAMP, individually, JUNO LIGHTING GROUP, INC and THE CITY OF DES PLAINES,<br><br>Defendants. | Case No. 08 C 881<br><br>Judge James Holderman<br><br>Magistrate Judge Mason |

## FIRST AMENDED COMPLAINT

### JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C Section 1983], as well as the Court's Supplemental Jurisdiction. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2. Venue is found in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

### PARTIES

3. At all times herein mentioned, Plaintiff ALEJANDRO GUTIERREZ ("Gutierrez" or "Plaintiff") and Plaintiff ESTELA CARRASCO ("Carrasco" or "Plaintiff") were and are now citizens of the United States, and reside within the jurisdiction of this Court.

4. At all times herein mentioned, MICHAEL HOLDMAN, RICHARD NIZNIK, BENJAMIN RUZICKA, and MICHAEL HEIDKAMP, ("Defendant Des Plaines Police

1

Officers") were employed by the Des Plaines Police Department and were acting under color of state law and as the employees, agents, or representatives of the Des Plaines Police Department. These Defendants are being sued in their individual/personal capacities.

5. At all times herein mentioned, MATTHEW HICKS, THOMAS STANCATO, and RONALD ROBINSON ("Defendant Juno Lighting employees") were employed by Juno Lighting Group, Inc, and were acting as the employees, agents, or representatives of Juno Lighting Group, Inc. These Defendants are being sued in their individual/personal capacities, and/or when indicated, they were acting under the color of law.

6. At all times herein mentioned, the CITY OF DES PLAINES ("The City" or "Defendant") was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Des Plaines, maintained, managed, and/or operated the Des Plaines Police Department.

7. At all times herein mentioned, JUNO LIGHTING GROUP, INC ("Juno" or "Defendant") was a manufacturer and seller of lighting operating in the State of Illinois.

## FACTUAL ALLEGATIONS

8. On or about December 3, 2007, at approximately 9:00 p.m., Plaintiffs were at their place of employment, Juno Lighting Group, Inc., in Chicago, Illinois.

9. On information and belief, Plaintiff alleges that prior to arriving to Plaintiffs' location, Defendant Juno Lighting employees caused Defendant Des Plaines Police Officers to come to Plaintiffs' place of employment.

10. Defendant Des Plaines Police Officers arrived at Plaintiffs' location.

11. Defendant Des Plaines Police Officers and Defendant Juno Lighting employees acted in concert with one another and/or individually, and without legal cause, to handcuff and

2

arrest Gutierrez.

12. Without legal cause, the aforementioned Defendants also acted in concert and/or individually to strip search Gutierrez's person and search his locker. No illegal drugs were found on Gutierrez's person or in his locker.

13. The aforementioned Defendants, acting in concert and/or individually and without legal cause, removed Carrasco to another room, and interrogated her for a lengthy period of time, thus resulting in the unlawful detention and arrest of Carrasco.

14. Plaintiffs did not consent to any of the conduct described above.

15. By reason of the above-described acts and omissions of Defendants, Plaintiffs sustained injuries including, but not limited to, humiliation and indignities, and suffered great physical, mental, and emotional pain and suffering all to their damage in an amount to be ascertained.

16. The aforementioned acts of the Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

17. By reason of the above-described acts and omissions of the Defendants, Plaintiffs were required to retain an attorney to institute, prosecute, and render legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights. By reason thereof, Plaintiffs request payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I

**PLAINTIFFS AGAINST DEFENDANT DES PLAINES POLICE OFFICERS FOR THE CIVIL RIGHTS VIOLATION OF FALSE ARREST**

18.  Plaintiffs hereby incorporate and re-allege paragraphs one (1) through seventeen (17) hereat as though fully alleged at this place.

19.  By reason of the Defendants' conduct, Plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

20.  Defendants caused the arrest of Plaintiffs unreasonably and without probable or any legal cause to believe that Plaintiffs had committed any crimes. Therefore, Defendants are liable for false arrest under 42 U.S.C. § 1983.

## COUNT II

**PLAINTIFFS AGAINST DEFENDANT JUNO LIGHTING GROUP EMPLOYEES FOR THE CIVIL RIGHTS VIOLATION OF FALSE ARREST**

21.  Plaintiffs hereby incorporate and re-allege paragraphs one (1) through seventeen (17) hereat as though fully alleged at this place.

22.  By reason of the Defendants' conduct, Plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

23.  Defendants assisted in causing the arrests of Plaintiffs by willfully acting in concert with agents of the State, Unknown and Unnamed Des Plaines Police Officers.

24.  The arrests of Plaintiffs were unreasonable and without probable or any legal cause to believe that Plaintiffs had committed any crime. Therefore, Defendants are liable for false arrest under 42 U.S.C. § 1983.

## COUNT III

**PLAINTIFF GUTIERREZ AGAINST DEFENDANT DESPLAINES POLICE OFFICERS FOR THE CIVIL RIGHTS VIOLATION OF UNLAWFUL SEARCH**

25. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through seventeen (17) hereat as though fully alleged at this place.

26. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

27. Defendants caused the strip search of Plaintiff unreasonably and without probable or any legal cause to believe Plaintiff had any illegal drugs. Therefore, Defendants are liable for an unlawful strip search and related searches under 42 U.S.C. § 1983.

## COUNT IV

**PLAINTIFF GUTIERREZ AGAINST DEFENDANT JUNO LIGHTING GROUP EMPLOYEES FOR THE CIVIL RIGHTS VIOLATION OF UNLAWFUL SEARCH**

28. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through seventeen (17) hereat as though fully alleged at this place.

29. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

30. Defendants assisted in causing unreasonable and unlawful search of Plaintiff by willfully acting in concert with agents of the State, Unknown and Unnamed Des Plaines Police Officers.

31. The search of Plaintiff was unreasonable and without probable or any legal cause to believe that Plaintiffs had any illegal drugs. Therefore, Defendants are liable for an unlawful

5

strip search and related searches under 42 U.S.C. § 1983.

## COUNT V

**PLAINTIFFS AGAINST ALL DEFENDANTS FOR THE SUPPLEMENTAL STATE CLAIM OF FALSE ARREST**

32. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through seventeen (17) hereat as though fully alleged at this place.

33. Defendants, and each of them, caused the arrests of Plaintiffs unreasonably and without probable or any legal cause to believe that Plaintiffs had committed any crime.

34. The City of Des Plaines and Juno Lighting are liable to Plaintiff for the acts of the individual defendants pursuant to the doctrine of *respondeat superior*

35. Therefore, Defendants, and each of them, are liable under the supplemental state claim of false arrest.

WHEREFORE, Plaintiffs, ALEJANDRO GUTIERREZ and ESTELA CARRASCO by and through their attorneys, Ed Fox & Associates, request judgment as follows against the Defendants, and each of them on all claims:

1. That Defendants be required to pay Plaintiffs general damages, including emotional distress, in a sum to be ascertained;

2. That Defendants be required to pay Plaintiffs special damages;

3. That Defendants, except the City of Des Plaines, be required to pay Plaintiffs' attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That Defendants, except the City of Des Plaines, be required to pay Plaintiffs punitive and exemplary damages in a sum to be ascertained;

5. That Defendants be required to pay Plaintiffs costs of the suit herein incurred; and

6. That Plaintiffs have such other and further relief as this Court may deem just and proper.

DATED:  June 27, 2008                                      /s/Leslie C. McCoy
                                                                          Leslie C. McCoy

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 W. Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

DATED:  June 27, 2008                                      /s/Leslie C. McCoy
                                                                          Leslie C. McCoy

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 W. Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877