IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEJANDRO GUTIERREZ and ESTELA CARRASCO, ) ) ) | |
| Plaintiffs, ) ) | Case No. 08 C 881 |
| v. ) ) | Judge James Holderman |
| MATTHEW HICKS, THOMAS STANCATO, RONALD ROBINSON, MICHAEL HOLDMAN, RICHARD NIZNIK, BENJAMIN RUZICKA, MICHAEL HEIDKAMP, individually, JUNO LIGHTING GROUP, INC. and THE CITY OF DES PLAINES, ) ) ) ) ) ) ) ) | Magistrate Judge Mason |
| Defendants. ) | |

**DEFENDANT THOMAS STANCATO'S ANSWER
AND AFFIRAMTIVE DEFENSES TO FIRST AMENDED COMPLAINT**

Defendant Thomas Stancato ("Stancato"), by his attorneys, Jackson Lewis LLP, hereby answers the First Amended Complaint of Plaintiffs Alejandro Gutierrez ("Gutierrez") and Estela Carrasco ("Carrasco") (collectively referred to as "Plaintiffs") as follows:

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C Section 1983], as well as the Court's Supplemental Jurisdiction. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

**ANSWER**: Stancato admits that Plaintiffs bring this action under the United States Constitution and 42 U.S.C. § 1983, but denies Plaintiffs are entitled for relief under the same. Stancato admits Plaintiffs assert jurisdiction under the named statutes, but denies jurisdiction is proper against Stancato.

2. Venue is found in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

1

**ANSWER**:   Stancato does not contest that venue in this judicial district is appropriate. Further answering, and in regard to Paragraph No. 2's non-specific reference to "the acts complained of," Stancato incorporates herein by this reference his answers to those paragraphs of the First Amended Complaint that purport to attribute specific acts or omissions to Stancato.

## PARTIES

3.   At all times herein mentioned, Plaintiff ALEJANDRO GUTIERREZ ("Gutierrez" or "Plaintiff") and Plaintiff ESTELA CARRASCO ("Carrasco" or "Plaintiff") were and are now citizens of the United States, and reside within the jurisdiction of this Court.

**ANSWER**:   Stancato is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 3 and therefore denies them.

4.   At all times herein mentioned, MICHAEL HOLDEN, RICHARD NIZNIK, BENJAMIN RUZICA, and MICHAEL HEIDKAMP, ("Defendant Des Plaines Police Officers") were employed by the Des Plaines Police Department and were acting under color of state law and as the employees, agents, or representatives of the Des Plaines Police Department. These Defendants are being sued in their individual/personal capacities.

**ANSWER**:   Stancato is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 4 and therefore denies them.

5.   At all times herein mentioned, MATTHEW HICKS, THOMAS STANCATO, and RONALD ROBINSON ("Defendant Juno Lighting employees") were employed by Juno Lighting Group, Inc., and were acting as the employees, agents, or representatives of Juno Lighting Group, Inc.  These Defendants are being sued in their individual/personal capacities, and/or when indicated, they were acting under the color of law.

**ANSWER**:   Stancato admits that he, Matthew Hicks, and Ronald Robinson were employed by Juno Lighting Group, Inc. and at times acted as the employees of Juno Lighting.  Stancato further admits that these Defendants are being sued in their individual capacities.  Stancato denies any and all remaining allegations of Paragraph No. 5.

6.   At all times herein mentioned, the CITY OF DES PLAINES ("The City" or "Defendant") was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Des Plaines, maintained, managed, and/or operated the Des Plaines Police Department.

**ANSWER**:    Stancato admits that the City of Des Plaines is in Illinois.  Stancato is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph No. 6 and therefore denies them.

7.    At all times herein mentioned, JUNO LIGHTING GROUP, INC ("Juno" or "Defendant") was a manufacturer and seller of lighting operating in the State of Illinois.

**ANSWER**:    Stancato admits that Juno is a lighting manufacturer and seller and does business in the State of Illinois.  Stancato denies any and all remaining allegations of Paragraph No. 7.

## FACTUAL ALLEGATIONS

8.    On or about December 3, 2007, at approximately 9:00 p.m., Plaintiffs were at their place of employment, Juno Lighting Group, Inc., in Chicago, Illinois.

**ANSWER**:    Stancato admits that on December 3, 2007, Plaintiffs were at their place of employment at Juno Lighting in Des Plaines, Illinois. Stancato denies any and all remaining allegations of Paragraph No. 8.

9.    On information and belief, Plaintiff alleges that prior to arriving to Plaintiffs' location, Unknown and Unnamed Juno Lighting employees caused the Unknown and Unnamed Des Plaines Police Officers to come to Plaintiffs' place of employment.

**ANSWER**:    Stancato admits that certain Des Plaines Police officers came to Plaintiffs' place of employment.  Stancato is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph No. 9.

10.    Unknown and Unnamed Police Officers arrived at Plaintiffs' location.

**ANSWER**:    Stancato admits that certain Des Plaines police officers came to Juno Lighting on December 3, 2007.

11.    Unknown and Unnamed Police Officers and Unknown and Unnamed Juno Lighting employees acted in concert with one another and/or individually, and without legal cause, to handcuff and arrest Gutierrez.

**ANSWER**: Stancato denies the allegations of Paragraph No. 11 to the extent they are addressed to Stancato. Stancato is without knowledge or information sufficient to form a belief as to truth of the remaining allegations in Paragraph No. 11 to the extent they are directed to other Defendants.

12. Without legal cause, the aforementioned Defendants also acted in concert and/or individually to strip search Gutierrez's person and search his locker. No illegal drugs were found on Gutierrez's person or in his locker.

**ANSWER**: Stancato denies the allegations of Paragraph No. 12 to the extent they are addressed to Stancato. Stancato is without knowledge or information sufficient to form a belief as to truth of the remaining allegations in Paragraph No. 12 to the extent they are directed to other Defendants.

13. The aforementioned Defendants, acting in concert and/or individually and without legal cause, removed Carrasco to another room, and interrogated her for a lengthy period of time, thus resulting in the unlawful detention and arrest of Carrasco.

**ANSWER**: Stancato admits that Carrasco was interviewed. Stancato is without knowledge or information sufficient to for a belief as to the truth of the remaining allegations in Paragraph No. 13.

14. Plaintiffs did not consent to any of the conduct described above.

**ANSWER**: Stancato denies the allegations of Paragraph No. 14.

15. By reason of the above-described acts and omissions of Defendants, Plaintiffs sustained injuries including, but not limited to, humiliation and indignities, and suffered great physical, mental, and emotional pain and suffering all to their damage in an amount to be ascertained.

**ANSWER**: Stancato denies the allegations of Paragraph No. 15 to the extent they are addressed to Stancato. Stancato is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph No. 15.

16. The aforementioned acts of the Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for

Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER**:   Stancato denies the allegations of Paragraph No. 16 to the extent they are addressed to Stancato.  Stancato is without knowledge or information sufficient to form a belief as to truth of the remaining allegations in Paragraph No. 16 to the extent they are directed to other Defendants.

17.   By reason of the above-described acts and omissions of the Defendants, Plaintiffs were required to retain an attorney to institute, prosecute, and render legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights. By reason thereof, Plaintiffs request payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER**:   Stancato is without knowledge or information sufficient to form a belief as to the truth of the allegations that "[b]y reason of the above-described acts and omissions of the Defendants, Plaintiffs were required to retain an attorney to institute, prosecute, and render legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights." Stancato admits Plaintiffs assert they request payment pursuant to the cited statutes, but denies Plaintiffs are entitled to any relief from Stancato.

## COUNT I

**PLAINTIFFS AGAINST UNKNOWN AND UNNAMED DES PLAINES POLICE OFFICERS FOR THE CIVIL RIGHTS VIOLATION OF FALSE ARREST**

Count I is not directed against Stancato and therefore, no answer is required by Stancato.  To the extent that any allegations contained in Count I are construed to be directed at Stancato, those allegations are denied.

## COUNT II

### PLAINTIFFS AGAINST DEFENDANT JUNO LIGHTING GROUP, INC. EMPLOYEES FOR THE CIVIL RIGHTS VIOLATION OF FALSE ARREST

21. Plaintiffs hereby incorporate and re-allege paragraphs one (1) through seventeen (17) hereat [sic] as though fully alleged at this place.

**ANSWER:** Stancato realleges and reaffirms his answers to Paragraphs Nos. 1 through 17 as his answer to Paragraph No. 21 and as if fully set out herein.

22. By reason of the Defendants' conduct, Plaintiff were deprived of rights, privileges and immunities secured to them by the fourth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER:** Stancato denies the allegations of Paragraph No. 22 to the extent they are addressed to Stancato. Stancato is without knowledge or information sufficient to form a belief as to truth of the remaining allegations in Paragraph No. 22 to the extent they are directed to other Defendants.

23. Defendants assisted in causing the arrests of Plaintiffs by willfully acting in concert with agents of the State, Unknown and Unnamed Des Plaines Police Officers.

**ANSWER:** Stancato denies the allegations of Paragraph No. 23 to the extent they are addressed to Stancato. Stancato is without knowledge or information sufficient to form a belief as to truth of the remaining allegations in Paragraph No. 23 to the extent they are directed to other Defendants.

24. The arrests of Plaintiffs were unreasonable and without probable or any legal cause to believe that Plaintiffs had committed any crime. Therefore, Defendants are liable for false arrest under 42 U.S.C. § 1983.

**ANSWER:** Stancato denies the allegations of Paragraph No. 24 to the extent they are addressed to Stancato. Stancato is without knowledge or information sufficient to form a belief as to truth of the remaining allegations in Paragraph No. 24 to the extent they are directed to other Defendants.

## COUNT III

### PLAINTIFF GUTIERREZ AGAINST UNKNOWN AND UNNAMED DESPLAINES POLICE OFFICERS FOR THE CIVIL RIGHTS VIOLATION OF UNLAWFUL SEARCH

Count III is not directed against Stancato and therefore, no answer is required by Stancato. To the extent that any allegations contained in Count III are construed to be directed at Stancato, those allegations are denied.

## COUNT IV

### PLAINTIFF GUTIERREZ AGAINST JUNO LIGHTING GROUP, INC EMPLOYEES FOR THE CIVIL RIGHTS VIOLATION OF UNLAWFUL SEARCH

28.  Plaintiffs hereby incorporate and re-allege paragraphs one (1) through seventeen (17) hereat [sic] as though fully alleged at this place.

**ANSWER:** Stancato realleges and reaffirms his answers to Paragraphs Nos. 1 through 17 as his answer to Paragraph No. 28 as if fully set out herein.

29.  By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and law enacted thereunder.

**ANSWER:** Stancato denies the allegations of Paragraph No. 29 to the extent they are addressed to Stancato. Stancato is without knowledge or information sufficient to form a belief as to truth of the remaining allegations in Paragraph No. 29 to the extent they are directed to other Defendants.

30.  Defendants assisted in causing unreasonable and unlawful search of Plaintiff by willfully acting in concert with agents of the State, Unknown and Unnamed Des Plaines Police Officers.

**ANSWER:** Stancato denies the allegations of Paragraph No. 30 to the extent they are addressed to Stancato. Stancato is without knowledge or information sufficient to form a belief

as to truth of the remaining allegations in Paragraph No. 30 to the extent they are directed to other Defendants.

31.  The search of Plaintiff was unreasonable and without probable or any legal cause to believe that Plaintiffs had any illegal drugs.  Therefore, Defendants are liable for false arrest under 42 U.S.C. § 1983.

**ANSWER:**  Stancato denies the allegations of Paragraph No. 31 to the extent they are addressed to Stancato.  Stancato is without knowledge or information sufficient to form a belief as to truth of the remaining allegations in Paragraph No. 31 to the extent they are directed to other Defendants.

## COUNT V

### PLAINTIFFS AGAINST ALL DEFENDANTS FOR THE SUPPLEMENTAL STATE CLAIM OF FALSE ARREST

32.  Plaintiff hereby incorporates and re-alleges paragraphs one (1) through seventeen (17) hereat [sic] as though fully alleged at this place.

**ANSWER**:  Stancato realleges and reaffirms his answers to Paragraphs Nos. 1 through 17 as his answer to Paragraph No. 32 and as if fully set out herein.

33.  Defendants, and each of them, caused the arrests of Plaintiffs unreasonably and without probable or any legal cause to believe that Plaintiffs had committed any crime.

**ANSWER**:  Stancato denies the allegations of Paragraph No. 33 to the extent they are addressed to Stancato.  Stancato is without knowledge or information sufficient to form a belief as to truth of the remaining allegations in Paragraph No. 33 to the extent they are directed to other Defendants.

34.  The City of Des Plaines and Juno Lighting are liable to Plaintiff for the acts of the individual defendants pursuant to the doctrine of *respondeat superior*.

**ANSWER**:  Stancato denies the allegations of Paragraph No. 34 to the extent they are addressed to Stancato.  Stancato is without knowledge or information sufficient to form a belief

as to truth of the remaining allegations in Paragraph No. 34 to the extent they are directed to other Defendants.

      35.     Therefore, Defendants, and each of them, are liable under the supplemental state claim of false arrest.

**ANSWER**:   Stancato denies the allegations of Paragraph No. 35 to the extent they are addressed to Stancato.  Stancato is without knowledge or information sufficient to form a belief as to truth of the remaining allegations in Paragraph No. 35 to the extent they are directed to other Defendants.

      WHEREFORE, Plaintiffs, ALEJANDRO GUTIERREZ and ESTELA CARRASCO by and through their attorneys, Ed Fox & Associates, request judgment as follows against the Defendants, and each of them on all claims:

1. That Defendants be required to pay Plaintiffs general damages, including emotional distress, in a sum to be ascertained;

2. That Defendants be required to pay Plaintiffs special damages;

3. That Defendants, except the City of Des Plaines, be required to pay Plaintiffs' attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That Defendants, except the City of Des Plaines, be required to pay Plaintiffs punitive and exemplary damages in a sum to be ascertained;

5. That Defendants be required to pay Plaintiffs costs of the suit herein incurred; and

6. That Plaintiffs have such other and further relief as this Court may deem just and proper.

**ANSWER**:   Stancato admits that Plaintiffs seek the relief stated in the above clause to Count V, but denies that they are entitled to such relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The First Amended Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims against Stancato are preempted by the Illinois Workers' Compensation Act.

### THIRD DEFENSE

Plaintiffs' claims against Stancato are barred as Stancato is not a state actor and was not acting under color of law.

### FOURTH DEFENSE

In the alternative, Plaintiffs' claims against Stancato should be dismissed because Stancato is entitled to qualified immunity.

### FIFTH DEFENSE

The First Amended Complaint is barred, in whole or in part, because defendants, including Stancato at all times, acted in good faith.

### SIXTH DEFENSE

Plaintiffs' claims for damages should be reduced to the extent Plaintiffs have failed to reasonably mitigate their damages.

WHEREFORE having fully answered the First Amended Complaint, Stancato respectfully requests:

    (a)    Judgment be entered in his favor and the claims against him be dismissed with prejudice;

  (b)  Judgment be entered against Plaintiffs in favor of Stancato for all costs and attorneys fees incurred by Stancato in defense of this action; and

  (c)  Stancato have and recover such other relief and further relief as the Court may deem just and proper.

Dated: July 30, 2008          Respectfully submitted,

                /s/James F. Botana
                One of the Attorneys for Defendant Thomas Stancato

James F. Botana
Hallie Diethelm Caldarone
Carmen B. Copher
Attorney No. 350370
JACKSON LEWIS LLP
320 West Ohio Street
Suite 500
Chicago, IL 60610
(312) 346-8061

## CERTIFICATE OF SERVICE

The undersigned attorney of Jackson Lewis LLP certifies that on July 30, 2008, he electronically filed the foregoing **DEFENDANT THOMAS STANCATO'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to attorneys of record and the following:

Ed Fox & Associates
300 W. Adams, Suite 330
Chicago, IL 60606
312.345.8877

Allen Duarte
Ancel, Glink, Diamond, Bush, DiCianni, Krafthefer, P.C.
140 South Dearborn, Sixth Floor
Chicago, Illinois 60603

/s/ James F. Botana

James F. Botana
Hallie D. Caldarone
Carmen B. Copher
JACKSON LEWIS LLP
320 West Ohio Street
Suite 500
Chicago, IL 60610
Telephone: (312) 787-4949
Facsimile: (312) 787-4995