## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ALEJANDRO GUTIERREZ and | ) | |
| ESTELA CARRASCO, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 08 C 881 |
| | ) | |
| v. | ) | Judge James Holderman |
| | ) | |
| MATTHEW HICKS, THOMAS ROBINSON, | ) | Magistrate Judge Mason |
| RONALD ROBINSON, MICHAEL HOLDMAN, | ) | |
| RICHARD NIZNIK, BENJAMIN RUZICKA, | ) | |
| MICHAEL HEIDKAMP, individually, | ) | |
| JUNO LIGHTING GROUP, INC. and THE CITY | ) | |
| OF DES PLAINES, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT RON ROBINSON'S ANSWER
### AND AFFIRAMTIVE DEFENSES TO FIRST AMENDED COMPLAINT

Defendant Ronald Robinson ("Robinson"), by his attorneys, Jackson Lewis LLP,

hereby answers the First Amended Complaint of Plaintiffs Alejandro Gutierrez ("Gutierrez") and

Estela Carrasco ("Carrasco") (collectively referred to as "Plaintiffs") as follows:

### JURISDICTION AND VENUE

1.     This action arises under the United States Constitution and the Civil
Rights Act of 1871 [42 U.S.C Section 1983], as well as the Court's Supplemental Jurisdiction.
This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

**ANSWER**:    Robinson admits that Plaintiffs bring this action under the United States

Constitution and 42 U.S.C. § 1983, but denies Plaintiffs are entitled for relief under the same.

Robinson admits Plaintiffs assert jurisdiction under the named statutes, but denies jurisdiction is

proper against Robinson.

2.  Venue is found in this judicial court upon 28 U.S.C. Section 1391 as the acts
complained of arose in this district.

**ANSWER**:    Robinson does not contest that venue in this judicial district is appropriate.

Further answering, and in regard to Paragraph No. 2's non-specific reference to "the acts

complained of," Robinson incorporates herein by this reference his answers to those paragraphs

of the First Amended Complaint that purport to attribute specific acts or omissions to Robinson.

## PARTIES

3. At all times herein mentioned, Plaintiff ALEJANDRO GUTIERREZ
("Gutierrez" or "Plaintiff") and Plaintiff ESTELA CARRASCO ("Carrasco" or
"Plaintiff") were and are now citizens of the United States, and reside within the
jurisdiction of this Court.

**ANSWER**:    Robinson is without knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph No. 3 and therefore denies them.

4. At all times herein mentioned, MICHAEL HOLDEN, RICHARD NIZNIK,
BENJAMIN RUZICA, and MICHAEL HEIDKAMP, ("Defendant Des Plaines Police Officers")
were employed by the Des Plaines Police Department and were acting under color of state law
and as the employees, agents, or representatives of the Des Plaines Police Department. These
Defendants are being sued in their individual/personal capacities.

**ANSWER**:    Robinson is without knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph No. 4 and therefore denies them.

5. At all times herein mentioned, MATTHEW HICKS, THOMAS ROBINSON,
and RONALD ROBINSON ("Defendant Juno Lighting employees") were employed by Juno
Lighting Group, Inc., and were acting as the employees, agents, or representatives of Juno
Lighting Group, Inc. These Defendants are being sued in their individual/personal capacities,
and/or when indicated, they were acting under the color of law.

**ANSWER**:    Robinson admits that he, Matthew Hicks and Thomas Stancato were employed by

Juno Lighting Group, Inc. and at times acted as the employees of Juno Lighting.    Robinson

further admits that these Defendants are being sued in their individual capacities.    Robinson

denies any and all remaining allegations of Paragraph No. 5.

6. At all times herein mentioned, the CITY OF DES PLAINES ("The City" or
"Defendant") was a political division of the State of Illinois, existing as such under the laws of
the State of Illinois. At all relevant times, the City of Des Plaines, maintained, managed, and/or
operated the Des Plaines Police Department.

**ANSWER**:    Robinson admits that the City of Des Plaines is in Illinois.  Robinson is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

of Paragraph No. 6 and therefore denies them.

7.    At all times herein mentioned, JUNO LIGHTING GROUP, INC ("Juno"
or "Defendant") was a manufacturer and seller of lighting operating in the State of Illinois.

**ANSWER**:    Robinson admits that it is a lighting manufacturer and seller and does business in

the State of Illinois.  Robinson denies any and all remaining allegations of Paragraph No. 7.

## FACTUAL ALLEGATIONS

8.    On or about December 3, 2007, at approximately 9:00 p.m., Plaintiffs
were at their place of employment, Juno Lighting Group, Inc., in Chicago, Illinois.

**ANSWER**:    Robison is without knowledge or information sufficient to form a belief as to truth

of the allegations in Paragraph No. 8.

9.    On information and belief, Plaintiff alleges that prior to arriving to
Plaintiffs' location, Unknown and Unnamed Juno Lighting employees caused the Unknown and
Unnamed Des Plaines Police Officers to come to Plaintiffs' place of employment.

**ANSWER**:    Robinson admits that certain Des Plaines Police officers came to Plaintiffs' place

of employment.  Robinson is without knowledge or information sufficient to admit the remaining

allegations in Paragraph No. 9.

10.    Unknown and Unnamed Police Officers arrived at Plaintiffs' location.

**ANSWER**:    Robinson admits that certain Des Plaines police officers came to Juno Lighting on

December 3, 2007.

11.    Unknown and Unnamed Police Officers and Unknown and Unnamed Juno
Lighting employees acted in concert with one another and/or individually, and without legal
cause, to handcuff and arrest Gutierrez.

**ANSWER**:    Robinson is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph No. 11.

12.    Without legal cause, the aforementioned Defendants also acted in concert and/or individually to strip search Gutierrez's person and search his locker. No illegal drugs were found on Gutierrez's person or in his locker.

**ANSWER**:    Robinson is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph No. 12.

13.    The aforementioned Defendants, acting in concert and/or individually and without legal cause, removed Carrasco to another room, and interrogated her for a lengthy period of time, thus resulting in the unlawful detention and arrest of Carrasco.

**ANSWER**:    Robinson is without knowledge or information sufficient to for a belief as to the

truth of the allegations in Paragraph No. 13.

14.    Plaintiffs did not consent to any of the conduct described above.

**ANSWER**:    Robinson is without knowledge or information sufficient to for a belief as to the

truth of the allegations in Paragraph No. 14.

15.    By reason of the above-described acts and omissions of Defendants, Plaintiffs sustained injuries including, but not limited to, humiliation and indignities, and suffered great physical, mental, and emotional pain and suffering all to their damage in an amount to be ascertained.

**ANSWER**:    Robinson is without knowledge or information sufficient to form a belief as to the

truth of allegations of Paragraph No. 15.

16.    The aforementioned acts of the Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER**:    Robinson denies the allegations of Paragraph No. 16 to the extent they are

addressed to Robinson.    Robinson is without knowledge or information sufficient to form a

belief as to truth of the allegations in Paragraph No. 16 to the extent they are directed to other

Defendants.

17.    By reason of the above-described acts and omissions of the Defendants, Plaintiffs were required to retain an attorney to institute, prosecute, and render legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights. By

reason thereof, Plaintiffs request payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER**:    Robinson is without knowledge or information sufficient to form a belief as to the truth of the allegations that "[b]y reason of the above-described acts and omissions of the Defendants, Plaintiffs were required to retain an attorney to institute, prosecute, and render legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights." Robinson admits Plaintiffs assert they request payment pursuant to the cited statutes, but denies Plaintiffs are entitled to any relief from Robinson.

## COUNT I

### PLAINTIFFS AGAINST UNKNOWN AND UNNAMED DES PLAINES POLICE OFFICERS FOR THE CIVIL RIGHTS VIOLATION OF FALSE ARREST

Count I is not directed against Robinson and therefore, no answer is required by Robinson.  To the extent that any allegations contained in Count I are construed to be directed at Robinson, those allegations are denied.

## COUNT II

### PLAINTIFFS AGAINST DEFENDANT JUNO LIGHTING GROUP, INC. EMPLOYEES FOR THE CIVIL RIGHTS VIOLATION OF FALSE ARREST

21.    Plaintiffs hereby incorporate and re-allege paragraphs one (1) through seventeen (17) hereat [sic] as though fully alleged at this place.

**ANSWER:**    Robinson realleges and reaffirms his answers to Paragraphs Nos. 1 through 17 as his answer to Paragraph No. 21 and as if fully set out herein.

22.    By reason of the Defendants' conduct, Plaintiff were deprived of rights, privileges and immunities secured to them by the fourth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER:**    Robinson denies the allegations of Paragraph No. 22 to the extent they are addressed to Robinson.  Robinson is without knowledge or information sufficient to form a

belief as to truth of the allegations in Paragraph No. 22 to the extent they are directed to other

Defendants.

23.    Defendants assisted in causing the arrests of Plaintiffs by willfully acting
in concert with agents of the State, Unknown and Unnamed Des Plaines Police Officers.

**ANSWER:**    Robinson denies the allegations of Paragraph No. 23 to the extent they are

addressed to Robinson.  Robinson is without knowledge or information sufficient to form a

belief as to truth of the allegations in Paragraph No. 23 to the extent they are directed to other

Defendants.

24.    The arrests of Plaintiffs were unreasonable and without probable or any
legal cause to believe that Plaintiffs had committed any crime.  Therefore, Defendants are liable
for false arrest under 42 U.S.C. § 1983.

**ANSWER:**    Robinson denies the allegations of Paragraph No. 24 to the extent they are

addressed to Robinson.  Robinson is without knowledge or information sufficient to form a

belief as to truth of the allegations in Paragraph No. 24 to the extent they are directed to other

Defendants.

## COUNT III

**PLAINTIFF GUTIERREZ AGAINST UNKNOWN AND UNNAMED DESPLAINES
POLICE OFFICERS FOR THE CIVIL RIGHTS VIOLATION OF UNLAWFUL
SEARCH**

Count III is not directed against Robinson and therefore, no answer is required by

Robinson.  To the extent that any allegations contained in Count III are construed to be directed

at Robinson, those allegations are denied.

## COUNT IV

**PLAINTIFF GUTIERREZ AGAINST JUNO LIGHTING GROUP, INC EMPLOYEES
FOR THE CIVIL RIGHTS VIOLATION
OF UNLAWFUL SEARCH**

28.    Plaintiffs hereby incorporate and re-allege paragraphs one (1) through
seventeen (17) hereat [sic] as though fully alleged at this place.

**ANSWER:**    Robinson realleges and reaffirms his answers to Paragraphs Nos. 1 through 17 as his answer to Paragraph No. 28 as if fully set out herein.

29.    By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and law enacted thereunder.

**ANSWER:**    Robinson denies the allegations of Paragraph No. 29 to the extent they are addressed to Robinson.  Robinson is without knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph No. 29 to the extent they are directed to other Defendants.

30.    Defendants assisted in causing unreasonable and unlawful search of Plaintiff by willfully acting in concert with agents of the State, Unknown and Unnamed Des Plaines Police Officers.

**ANSWER:**    Robinson denies the allegations of Paragraph No. 30 to the extent they are addressed to Robinson.  Robinson is without knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph No. 30 to the extent they are directed to other Defendants.

31.    The search of Plaintiff was unreasonable and without probable or any legal cause to believe that Plaintiffs had any illegal drugs.  Therefore, Defendants are liable for false arrest under 42 U.S.C. § 1983.

**ANSWER:**    Robinson denies the allegations of Paragraph No. 31 to the extent they are addressed to Robinson.  Robinson is without knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph No. 31 to the extent they are directed to other Defendants.

## COUNT V

### PLAINTIFFS AGAINST ALL DEFENDANTS FOR THE SUPPLEMENTAL STATE CLAIM OF FALSE ARREST

32.    Plaintiff hereby incorporates and re-alleges paragraphs one (1) through seventeen (17) hereat [sic] as though fully alleged at this place.

**ANSWER**:    Robinson realleges and reaffirms his answers to Paragraphs Nos. 1 through 17 as

his answer to Paragraph No. 32 and as if fully set out herein.

    33.    Defendants, and each of them, caused the arrests of Plaintiffs unreasonably and without probable or any legal cause to believe that Plaintiffs had committed any crime.

**ANSWER**:    Robinson denies the allegations of Paragraph No. 33 to the extent they are

addressed to Robinson.  Robinson is without knowledge or information sufficient to form a

belief as to truth of the allegations in Paragraph No. 33 to the extent they are directed to other

Defendants.

    34.    The City of Des Plaines and Juno Lighting are liable to Plaintiff for the acts of the individual defendants pursuant to the doctrine of *respondeat superior*.

**ANSWER**:    Robinson denies the allegations of Paragraph No. 34 to the extent they are

addressed to Robinson.  Robinson is without knowledge or information sufficient to form a

belief as to truth of the allegations in Paragraph No. 34 to the extent they are directed to other

Defendants.

    35.    Therefore, Defendants, and each of them, are liable under the supplemental state claim of false arrest.

**ANSWER**:    Robinson denies the allegations of Paragraph No. 35 to the extent they are

addressed to Robinson.  Robinson is without knowledge or information sufficient to form a

belief as to truth of the allegations in Paragraph No. 35 to the extent they are directed to other

Defendants.

    WHEREFORE, Plaintiffs, ALEJANDRO GUTIERREZ and ESTELA CARRASCO by and through their attorneys, Ed Fox & Associates, request judgment as follows against the Defendants, and each of them on all claims:

    1.    That Defendants be required to pay Plaintiffs general damages, including emotional distress, in a sum to be ascertained;

    2.    That Defendants be required to pay Plaintiffs special damages;

3.     That Defendants, except the City of Des Plaines, be required to pay Plaintiffs' attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4.     That Defendants, except the City of Des Plaines, be required to pay Plaintiffs punitive and exemplary damages in a sum to be ascertained;

5.     That Defendants be required to pay Plaintiffs costs of the suit herein incurred; and

6.     That Plaintiffs have such other and further relief as this Court may deem just and proper.

**ANSWER**:   Robinson admits that Plaintiffs seek the relief stated in the above clause to Count V, but denies that they are entitled to such relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The First Amended Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims against Robinson are preempted by the Illinois Workers' Compensation Act.

### THIRD DEFENSE

Plaintiffs' claims against Robinson are barred as he was not involved with the events alleged in the First Amended Complaint nor was he present at Juno Lighting on December 3, 2007.

### FOURTH DEFENSE

Plaintiff's claims against Robinson are barred because he is not a state actor and was not acting under color of law.

9

## FIFTH DEFENSE

In the alternative, Plaintiffs' claims against Robinson are barred by his qualified immunity.

## SIXTH DEFENSE

The First Amended Complaint is barred, in whole or in part, because defendants, including Robinson at all times, acted in good faith.

## SEVENTH DEFENSE

Plaintiffs' claims for damages should be reduced to the extent Plaintiffs have failed to reasonably mitigate their damages.

WHEREFORE having fully answered the First Amended Complaint, Robinson respectfully requests:

      (a)    Judgment be entered in his favor and the claims against him be dismissed with prejudice;

      (b)    Judgment be entered against Plaintiffs in favor of Robinson for all costs and attorneys fees incurred by Robinson in defense of this action; and

      (c)    Juno have and recover such other relief and further relief as the Court may deem just and proper.

Dated: July 30, 2008

James F. Botana
Hallie Diethelm Caldarone
Carmen B. Copher
Attorney No. 350370
JACKSON LEWIS LLP
320 West Ohio Street
Suite 500
Chicago, IL 60610
(312) 346-8061

Respectfully submitted,

/s/James F. Botana _____
One of the Attorneys for Defendant Ronald
Robinson

11

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney of Jackson Lewis LLP certifies that on July 30, 2008, he electronically filed the foregoing **DEFENDANT RONALD ROBINSON'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to attorneys of record and the following:

Ed Fox & Associates
300 W. Adams, Suite 330
Chicago, IL 60606
312.345.8877

Allen Duarte
Ancel, Glink, Diamond, Bush, DiCianni, Krafthefer, P.C.
140 South Dearborn, Sixth Floor
Chicago, Illinois 60603


     /s/  James F. Botana _____

James F. Botana
Hallie D. Caldarone
Carmen B. Copher
JACKSON LEWIS LLP
320 West Ohio Street
Suite 500
Chicago, IL 60610
Telephone: (312) 787-4949
Facsimile: (312) 787-4995