IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALEJANDRO GUTIERREZ and ESTELA CARRASCO, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 08 C 881 |
| v. | ) ) | Judge James Holderman |
| MATTHEW HICKS, THOMAS STANCATO, RONALD ROBINSON, MICHAEL HOLDMAN, RICHARD NIZNIK, BENJAMIN RUZICKA, MICHAEL HEIDKAMP, individually, JUNO LIGHTING GROUP, INC. and THE CITY OF DES PLAINES, | ) ) ) ) ) ) ) ) | Magistrate Judge Mason |
| Defendants. | ) | |

**DEFENDANT JUNO LIGHTING, INC.'S ANSWER
AND AFFIRAMTIVE DEFENSES TO FIRST AMENDED COMPLAINT**

Defendant Juno Lighting, Inc. d/b/a Juno Lighting Group ("Juno"), by its attorneys, Jackson Lewis LLP, hereby answers the First Amended Complaint of Plaintiffs Alejandro Gutierrez ("Gutierrez") and Estela Carrasco ("Carrasco") (collectively referred to as "Plaintiffs") as follows:

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C Section 1983], as well as the Court's Supplemental Jurisdiction. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

**ANSWER**:   Juno admits that Plaintiffs bring this action under the United States Constitution and 42 U.S.C. § 1983, but denies Plaintiffs are entitled for relief under the same. Juno admits Plaintiffs assert jurisdiction under the named statutes, but denies jurisdiction is proper against Juno.

2. Venue is found in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

1

**ANSWER**:   Juno does not contest that venue in this judicial district is appropriate.  Further answering, and in regard to Paragraph No. 2's non-specific reference to "the acts complained of," Juno incorporates herein by this reference its answers to those paragraphs of the First Amended Complaint that purport to attribute specific acts or omissions to Juno.

## PARTIES

3.   At all times herein mentioned, Plaintiff ALEJANDRO GUTIERREZ ("Gutierrez" or "Plaintiff") and Plaintiff ESTELA CARRASCO ("Carrasco" or "Plaintiff") were and are now citizens of the United States, and reside within the jurisdiction of this Court.

**ANSWER**:   Juno is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 3 and therefore denies them.

4.   At all times herein mentioned, MICHAEL HOLDEN, RICHARD NIZNIK, BENJAMIN RUZICA, and MICHAEL HEIDKAMP, ("Defendant Des Plaines Police Officers") were employed by the Des Plaines Police Department and were acting under color of state law and as the employees, agents, or representatives of the Des Plaines Police Department. These Defendants are being sued in their individual/personal capacities.

**ANSWER**:   Juno is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 4 and therefore denies them.

5.   At all times herein mentioned, MATTHEW HICKS, THOMAS STANCATO, and RONALD ROBINSON ("Defendant Juno Lighting employees") were employed by Juno Lighting Group, Inc., and were acting as the employees, agents, or representatives of Juno Lighting Group, Inc.  These Defendants are being sued in their individual/personal capacities, and/or when indicated, they were acting under the color of law.

**ANSWER**:   Juno admits that Matthew Hicks, Thomas Stancato and Ronald Robinson were employed by Juno Lighting Group, Inc. and, at times, acted as employees of Juno.  Juno further admits that these Defendants are being sued in their individual capacities.   Juno denies any and all remaining allegations of Paragraph No. 5.

6.   At all times herein mentioned, the CITY OF DES PLAINES ("The City" or "Defendant") was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Des Plaines, maintained, managed, and/or operated the Des Plaines Police Department.

2

**ANSWER**:   Juno admits that the City of Des Plaines is in Illinois. Juno is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph No. 6 and therefore denies them.

7.   At all times herein mentioned, JUNO LIGHTING GROUP, INC ("Juno" or "Defendant") was a manufacturer and seller of lighting operating in the State of Illinois.

**ANSWER**:   Juno admits that it is a lighting manufacturer and seller and does business in the State of Illinois. Juno denies any and all remaining allegations of Paragraph No. 7.

## FACTUAL ALLEGATIONS

8.   On or about December 3, 2007, at approximately 9:00 p.m., Plaintiffs were at their place of employment, Juno Lighting Group, Inc., in Chicago, Illinois.

**ANSWER**:   Juno admits that on December 3, 2007, Plaintiffs were at their place of employment at Juno Lighting in Des Plaines, Illinois. Juno denies any and all remaining allegations of Paragraph No. 8.

9.   On information and belief, Plaintiff alleges that prior to arriving to Plaintiffs' location, Unknown and Unnamed Juno Lighting employees caused the Unknown and Unnamed Des Plaines Police Officers to come to Plaintiffs' place of employment.

**ANSWER**:   Juno admits that certain Des Plaines Police officers came to Plaintiffs' place of employment after being called by Juno Lighting employees. Juno is without knowledge or information sufficient to admit the remaining allegations in Paragraph No. 9.

10.   Unknown and Unnamed Police Officers arrived at Plaintiffs' location.

**ANSWER**:   Juno admits that certain Des Plaines police officers came to Juno Lighting on December 3, 2007.

11.   Unknown and Unnamed Police Officers and Unknown and Unnamed Juno Lighting employees acted in concert with one another and/or individually, and without legal cause, to handcuff and arrest Gutierrez.

**ANSWER**:   Juno is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 11.

12. Without legal cause, the aforementioned Defendants also acted in concert and/or individually to strip search Gutierrez's person and search his locker. No illegal drugs were found on Gutierrez's person or in his locker.

**ANSWER**: Juno admits that Gutierrez's person and locker were searched. Juno admits that no drugs were found on Gutierrez's body or in the locker assigned to him by Juno. Juno denies the remaining allegations in Paragraph No. 12.

13. The aforementioned Defendants, acting in concert and/or individually and without legal cause, removed Carrasco to another room, and interrogated her for a lengthy period of time, thus resulting in the unlawful detention and arrest of Carrasco.

**ANSWER**: Juno admits that Carrasco was interviewed. Juno denies the remaining allegations in Paragraph No. 13.

14. Plaintiffs did not consent to any of the conduct described above.

**ANSWER**: Juno denies the allegations of Paragraph No. 14.

15. By reason of the above-described acts and omissions of Defendants, Plaintiffs sustained injuries including, but not limited to, humiliation and indignities, and suffered great physical, mental, and emotional pain and suffering all to their damage in an amount to be ascertained.

**ANSWER**: Juno is without knowledge or information sufficient to form a belief as to the truth of allegations of Paragraph No. 15.

16. The aforementioned acts of the Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER**: Juno denies the allegations of Paragraph No. 16 to the extent they are addressed to Juno. Juno is without knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph No. 16 to the extent they are directed to other Defendants.

17. By reason of the above-described acts and omissions of the Defendants, Plaintiffs were required to retain an attorney to institute, prosecute, and render legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights. By reason thereof, Plaintiffs request payment by Defendants, and each of them, of a reasonable sum

for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER**:    Juno is without knowledge or information sufficient to form a belief as to the truth of the allegations that "[b]y reason of the above-described acts and omissions of the Defendants, Plaintiffs were required to retain an attorney to institute, prosecute, and render legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights." Juno admits Plaintiffs assert they request payment pursuant to the cited statutes, but denies Plaintiffs are entitled to any relief from Juno.

## COUNT I

### PLAINTIFFS AGAINST UNKNOWN AND UNNAMED DES PLAINES POLICE OFFICERS FOR THE CIVIL RIGHTS VIOLATION OF FALSE ARREST

Count I is not directed against Juno and therefore, no answer is required by Juno. To the extent that any allegations contained in Count I are construed to be directed at Juno, those allegations are denied.

## COUNT II

### PLAINTIFFS AGAINST DEFENDANT JUNO LIGHTING GROUP, INC. EMPLOYEES FOR THE CIVIL RIGHTS VIOLATION OF FALSE ARREST

Count II is not directed against Juno and therefore, no answer is required by Juno. To the extent that any allegations contained in Count II are construed to be directed at Juno, those allegations are denied.

## COUNT III

**PLAINTIFF GUTIERREZ AGAINST UNKNOWN AND UNNAMED DESPLAINES POLICE OFFICERS FOR THE CIVIL RIGHTS VIOLATION OF UNLAWFUL SEARCH**

Count III is not directed against Juno and therefore, no answer is required by Juno. To the extent that any allegations contained in Count III are construed to be directed at Juno, those allegations are denied.

### COUNT IV

**PLAINTIFF GUTIERREZ AGAINST JUNO LIGHTING GROUP, INC EMPLOYEES FOR THE CIVIL RIGHTS VIOLATION OF UNLAWFUL SEARCH**

Count IV is not directed against Juno and therefore, no answer is required by Juno. To the extent that any allegations contained in Count IV are construed to be directed at Juno, those allegations are denied.

### COUNT V

**PLAINTIFFS AGAINST ALL DEFENDANTS FOR THE SUPPLEMENTAL STATE CLAIM OF FALSE ARREST**

32. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through seventeen (17) hereat as though fully alleged at this place.

**ANSWER**: Juno realleges and reaffirms its answers to Paragraphs Nos. 1 through 17 as its answer to Paragraph No. 32 and as if fully set out herein.

33. Defendants, and each of them, caused the arrests of Plaintiffs unreasonably and without probable or any legal cause to believe that Plaintiffs had committed any crime.

**ANSWER**: Juno denies the allegations of Paragraph No. 33 to the extent they are addressed to Juno. Juno is without knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph No. 33 to the extent they are directed to other Defendants.

34. The City of Des Plaines and Juno Lighting are liable to Plaintiff for the acts of the individual defendants pursuant to the doctrine of *respondeat superior*.

**ANSWER**:   Juno denies the allegations of Paragraph No. 34 to the extent they are addressed to Juno.  Juno is without knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph No. 34 to the extent they are directed to other Defendants.

35. Therefore, Defendants, and each of them, are liable under the supplemental state claim of false arrest.

**ANSWER**:   Juno denies the allegations of Paragraph No. 35 to the extent they are addressed to Juno.  Juno is without knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph No. 35 to the extent they are directed to other Defendants.

WHEREFORE, Plaintiffs, ALEJANDRO GUTIERREZ and ESTELA CARRASCO by and through their attorneys, Ed Fox & Associates, request judgment as follows against the Defendants, and each of them on all claims:

1. That Defendants be required to pay Plaintiffs general damages, including emotional distress, in a sum to be ascertained;

2. That Defendants be required to pay Plaintiffs special damages;

3. That Defendants, except the City of Des Plaines, be required to pay Plaintiffs' attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That Defendants, except the City of Des Plaines, be required to pay Plaintiffs punitive and exemplary damages in a sum to be ascertained;

5. That Defendants be required to pay Plaintiffs costs of the suit herein incurred; and

6. That Plaintiffs have such other and further relief as this Court may deem just and proper.

**ANSWER**:   Juno admits that Plaintiffs seek the relief stated in the above clause to Count V, but denies that they are entitled to such relief.

7

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The First Amended Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims against Juno are preempted by the Illinois Workers' Compensation Act.

### THIRD DEFENSE

The First Amended Complaint is barred, in whole or in part, because Juno did not ratify the alleged actions of the individual defendants, including Juno employees.

### FOURTH DEFENSE

The First Amended Complaint is barred, in whole or in part, because defendants, at all times, acted in good faith.

### FIFTH DEFENSE

Plaintiffs' claims against Juno Light based on the doctrine of *respondeat superior*, are bared, in whole or in part, because no Juno Lighting employee's acts amount to false arrest under state law.

### SIXTH DEFENSE

Plaintiffs' claims for damages should be reduced to the extent Plaintiffs have failed to reasonably mitigate their damages.

WHEREFORE having fully answered the First Amended Complaint, Juno respectfully requests:

(a) Judgment be entered in its favor and the claims against it be dismissed with prejudice;

(b) Judgment be entered against Plaintiffs in favor of Juno for all costs and attorneys fees incurred by Juno in defense of this action; and

(c) Juno have and recover such other relief and further relief as the Court may deem just and proper.

Dated: July 30, 2008                                        Respectfully submitted,

/s/James F. Botana
One of the Attorneys for Defendant Juno Lighting, Inc.

James F. Botana
Hallie Diethelm Caldarone
Carmen B. Copher
Attorney No. 350370
JACKSON LEWIS LLP
320 West Ohio Street
Suite 500
Chicago, IL 60610
(312) 346-8061

## **CERTIFICATE OF SERVICE**

The undersigned attorney of Jackson Lewis LLP certifies that on July 30, 2008, he electronically filed the foregoing **DEFENDANT JUNO LIGHTING, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to attorneys of record and the following:

Ed Fox & Associates
300 W. Adams, Suite 330
Chicago, IL 60606
312.345.8877

Allen Duarte
Ancel, Glink, Diamond, Bush, DiCianni, Krafthefer, P.C.
140 South Dearborn, Sixth Floor
Chicago, Illinois 60603


    /s/  James F. Botana

James F. Botana
Hallie D. Caldarone
Carmen B. Copher
JACKSON LEWIS LLP
320 West Ohio Street
Suite 500
Chicago, IL 60610
Telephone: (312) 787-4949
Facsimile: (312) 787-4995