IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEJANDRO GUTIERREZ and ESTELA CARRASCO, <br><br> Plaintiffs, <br><br> v. <br><br> MATTHEW HICKS, THOMAS STANCATO, RONALD ROBINSON, MICHAEL HOLDMAN, RICHARD NIZNIK, BENJAMIN RUZICKA, MICHAEL HEIDKAMP, individually, JUNO LIGHTING GROUP, INC., and THE CITY OF DES PLAINES, <br><br> Defendants. | Case No. 08 C 881 <br><br> Judge James Holderman <br><br> Magistrate Judge Mason |

**CITY OF DES PLAINES' ANSWER TO**
**FIRST AMENDED COMPLAINT**

Defendant, the CITY OF DES PLAINES ("the City"), by and through its attorneys, Ellen K. Emery and Lucy B. Bednarek of the law firm of ANCEL, GLINK, DIAMOND, BUSH, DiCIANNI & KRAFTHEFER, P.C., answers Plaintiffs' First Amended Complaint as follows:

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983], as well as the Court's Supplemental Jurisdiction. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331 and 1367.

**ANSWER:** The City admits the allegations in paragraph 1.

2. Venue is found in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

1

**ANSWER:** The City admits the allegations in paragraph 2.

## PARTIES

3. At all times herein mentioned, Plaintiff ALEJANDRO GUTIERREZ ("Gutierrez" or "Plaintiff") and Plaintiff ESTELA CARRASCO ("Carrasco" or "Plaintiff") were and are now citizens of the United States, and reside within the jurisdiction of this Court.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4. At all times herein mentioned, MICHAEL HOLDMAN, RICHARD NIZNIK, BENJAMIN RUZICKA, and MICHAEL HEIDKAMP, ("Defendant Des Plaines Police Officers") were employed by the Des Plaines Police Department and were acting under color of state law and as the employees, agents, or representatives of the Des Plaines Police Department. These Defendants are being sued in their individual/personal capacities.

**ANSWER:** The City admits that Michael Holdman, Richard Niznik, Benjamin Ruzicka and Michael Heidkamp were employed as Des Plaines police officers by the City on December 3, 2007. The City admits the remaining allegations in paragraph 4.

5. At all times herein mentioned, MATTHEW HICKS, THOMAS STANCATO, and RONALD ROBINSON ("Defendant Juno Lighting employees") were employed by Juno Lighting Group, Inc., and were acting as the employees, agents, or representatives of Juno Lighting Group, Inc. These Defendants are being sued in their individual/personal capacities, and/or when indicated, they were acting under the color of the law.

**ANSWER:** The City admits Matthew Hicks and Thomas Stancato were employed by Juno Lighting on December 3, 2007. The City lacks knowledge or information sufficient to form a belief

as to the truth of the allegations regarding Ronald Robinson's employment. The City admits Matthew Hicks, Thomas Stancato and Ronald Robinson are being sued in their individual/personal capacities. The City lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 5 because the City is unclear which allegations indicate "they were acting under the color of the law."

6. At all times herein mentioned, the CITY OF DES PLAINES ("The City" or "Defendant") was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Des Plaines, maintained, managed, and/or operated the Des Plaines Police Department.

**ANSWER:** The City admits the allegations in paragraph 6.

7. At all times herein mentioned, JUNO LIGHTING GROUP, INC., ("Juno" or "Defendant") was a manufacturer and seller of lighting operating in the State of Illinois.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

## FACTUAL ALLEGATIONS

8. On or about December 3, 2007, at approximately 9:00 p.m., Plaintiffs were at their place of employment, Juno Lighting Group, Inc., in Chicago, Illinois.

**ANSWER:** The City admits the allegations in paragraph 8.

9. On information and belief, Plaintiff alleges that prior to arriving to Plaintiffs' location, Defendant Juno Lighting employees caused Defendant Des Plaines Police Officers to come to Plaintiffs' place of employment.

**ANSWER:** The City admits only that Defendant Des Plaines Police Officers came to Plaintiffs' employment at Juno Lighting on December 3, 2007. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9.

10. Defendant Des Plaines Police Officers arrived at Plaintiffs' location.

**ANSWER:** The City admits Defendant Des Plaines Police Officers arrived at Juno Lighting on December 3, 2007.

11. Defendant Des Plaines Police Officers and Defendant Juno Lighting employees acted in concert with one another and/or individually, and without legal cause, to handcuff and arrest Gutierrez.

**ANSWER:** The City denies the allegations in paragraph 11. The City makes no answer to the allegations in this paragraph directed at the other Defendants.

12. Without legal cause, the aforementioned Defendants also acted in concert and/or individually to strip search Gutierrez's person and search his locker. No illegal drugs were found on Gutierrez's person or in his locker.

**ANSWER:** The City denies the first sentence of paragraph 12. The City admits the second sentence of paragraph 12. The City makes no answer to the allegations in this paragraph directed at the other Defendants.

13. The aforementioned Defendants, acting in concert and/or individually and without legal cause, removed Carrasco to another room, and interrogated her for a lengthy period of time, thus resulting in the unlawful detention and arrest of Carrasco.

**ANSWER:** The City denies the allegations in paragraph 13. The City makes no answer to the allegations in this paragraph directed at the other Defendants.

14. Plaintiffs did not consent to any of the conduct described above.

**ANSWER:** The City denies the allegations in paragraph 13.

15. By reason of the above-described acts and omissions of Defendants, Plaintiffs sustained injuries including, but not limited to, humiliation and indignities, and suffered great physical, mental, and emotional pain and suffering all to their damage in an amount to be ascertained.

**ANSWER:** The City denies the allegations in paragraph 15. The City makes no answer to the allegations in this paragraph directed at the other Defendants.

16. The aforementioned acts of the Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER:** The City denies the allegations in paragraph 16. The City makes no answer to the allegations in this paragraph directed at the other Defendants.

17. By reason of the above-described acts and omissions of the Defendants, Plaintiffs were required to retain an attorney to institute, prosecute, and render legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights. By reason thereof, Plaintiffs request payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER:** The City denies the allegations in paragraph 17. The City makes no answer to the allegations in this paragraph directed at the other Defendants.

## COUNT I

### PLAINTIFFS AGAINST DEFENDANT DES PLAINES POLICE OFFICERS FOR THE CIVIL RIGHTS VIOLATION OF FALSE ARREST

Defendant, CITY OF DES PLAINES, makes no answer to Count I of Plaintiffs' First Amended Complaint as this Count is not directed against it.

## COUNT II

### PLAINTIFFS AGAINST DEFENDANT JUNO LIGHTING GROUP EMPLOYEES FOR THE CIVIL RIGHTS VIOLATION OF FALSE ARREST

Defendant, CITY OF DES PLAINES, makes no answer to Count II of Plaintiffs' First Amended Complaint as this Count is not directed against it.

## COUNT III

### PLAINTIFF GUTIERREZ AGAINST DEFENDANT DES PLAINES POLICE OFFICERS FOR THE CIVIL RIGHTS VIOLATION OF UNLAWFUL SEARCH

Defendant, CITY OF DES PLAINES, makes no answer to Count III of Plaintiffs' First Amended Complaint as this Count is not directed against it.

## COUNT IV

### PLAINTIFF GUTIERREZ AGAINST DEFENDANT JUNO LIGHTING GROUP EMPLOYEES FOR THE CIVIL RIGHTS VIOLATION OF UNLAWFUL SEARCH

Defendant, CITY OF DES PLAINES, makes no answer to Count IV of Plaintiffs' First Amended Complaint as this Count is not directed against it.

## COUNT V

## PLAINTIFFS AGAINST ALL DEFENDANTS FOR THE SUPPLEMENTAL STATE CLAIM OF FALSE ARREST

32. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through seventeen (17) hereat as though fully alleged at this place.

**ANSWER:** The City reasserts its previous answers to paragraphs 1-17 of Plaintiff's First Amended Complaint as if fully set forth here.

33. Defendants, and each of them, caused the arrests of Plaintiffs unreasonably and without probable or any legal cause to believe that Plaintiffs had committed any crime.

**ANSWER:** The City denies the allegations in paragraph 33. The City makes no answer to the allegations in this paragraph directed at the other Defendants.

34. The City of Des Plaines and Juno Lighting are liable to Plaintiff for the acts of the individual defendants pursuant to the doctrine of *respondeat superior*.

**ANSWER:** The City denies the allegations in paragraph 34. The City makes no answer to the allegations in this paragraph directed at the other Defendants.

35. Therefore, Defendants, and each of them, are liable under the supplemental state claim of false arrest.

**ANSWER:** The City denies the allegations in paragraph 35. The City makes no answer to the allegations in this paragraph directed at the other Defendants.

WHEREFORE, Defendant, the CITY OF DES PLAINES, requests that judgment be entered in its favor and against Plaintiffs, ALEJANDRO GUTIERREZ and ESTELA CARRASCO.

**AFFIRMATIVE DEFENSES**

_____Without prejudice to its prior denials, Defendant, the CITY OF DES PLAINES, states the following as its affirmative defenses:

1.As to Plaintiffs' state law claims, under the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("the Tort Immunity Act"), the City is not liable because the acts or omissions of the City police officers involved the execution and enforcement of the law, and did not constitute willful and wanton conduct. 745 ILCS 10/2-202; 745 ILCS 10/2-109.

2.As to Plaintiffs' state law claims, under the Tort Immunity Act, the City is not liable because the acts or omissions of the City police officers were discretionary policy decisions. 745 ILCS 10/2-201; 745 ILCS 10/2-109.

3.Plaintiffs' state law claims against the City based on the doctrine of *respondeat superior* are barred because no City police officers' act amounted to false arrest.

4.Probable cause existed to arrest Plaintiff Gutierrez and, as such, Plaintiff Gutierrez's claims for false arrest and unlawful search are barred.

5.As to all of Plaintiffs' claims, to the extent any injuries or damages claimed by Plaintiffs were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiffs, any verdict or judgment obtained by Plaintiffs must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiffs by the jury in this case.

6.As to all of Plaintiffs' claims, to the extent Plaintiffs failed to mitigate any of their claimed injuries or damages, any verdict or judgment obtained by Plaintiffs must be reduced by

application of the principle that a plaintiff has a duty to mitigate his or her damages, commensurate with the degree of failure to mitigate attributed to Plaintiffs by the jury in this case.

WHEREFORE, Defendant, CITY OF DES PLAINES, requests that judgment be entered in its favor and against Plaintiffs or, in the alternative, in accordance with its affirmative defenses.

Respectfully submitted,

By:   /s/ Lucy B. Bednarek
One of the Attorneys for the City of Des Plaines

Ellen K. Emery
Lucy B. Bednarek
ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & KRAFTHEFER, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois  60603
(312) 782-7606
(312) 782-0943 Fax
lbednarek@ancelglink.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEJANDRO GUTIERREZ and ESTELA CARRASCO,<br><br>Plaintiffs,<br><br>vs.<br><br>UNKNOWN AND UNNAMED DES PLAINES POLICE OFFICERS, UNKNOWN AND UNNAMED JUNO LIGHTING GROUP, INC. EMPLOYEES, individually, JUNO LIGHTING GROUP, INC. and THE CITY OF DES PLAINES.<br><br>Defendants. | Case No. 08 C 881<br><br>Honorable Judge James F. Holderman<br><br>Magistrate Michael T. Mason |

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath deposes and says that she served a copy of the foregoing **CITY OF DES PLAINES' ANSWER TO FIRST AMENDED COMPLAINT** to:

>Leslie C. McCoy
>ED FOX & ASSOCIATES
>300 W. Adams, Suite 330
>Chicago, IL 60606
>*Attorneys for Plaintiffs*
>
>James F. Botana
>JACKSON LEWIS, LLP
>320 W. Ohio, Suite 500
>Chicago, IL 60610
>*Attorneys for Juno Lighting, Inc., d/b/a Juno Lighting Group*

by placing a copy of same in the U.S. Mail at 140 South Dearborn Street, Chicago, Illinois 60603, with proper postage prepaid, at or before 5:00 p.m. on **July 31, 2008**.

/s/ Carol Donovan

[X]   I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Certificate of Service is true and correct.